Filed 7/13/21  Alston v. Wainscott CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ERIC ALSTON, | C091532 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201900266567CUMCGDS) |
| v. | |
| KATHLEEN WAINSCOTT et al., | |
| Defendants and Respondents. | |

Plaintiff Eric Alston, representing himself, filed a complaint for damages against defendants the County of Sacramento (County) and Kathleen Wainscott in her individual capacity and her capacity as the custodian of medical records for the County (collectively defendants) for violation of his constitutional right to privacy, negligence, emotional distress, and violations of the Confidentiality of Medical Information Act (Civ. Code, § 56 et seq.) (the Act), Welfare and Institutions Code section 5330, and Civil Code section 1798.85.  The litigation arises out of defendants' alleged disclosure of plaintiff's mental health records and Social Security number in response to a deposition subpoena for production of business records (subpoena) in an unrelated civil case.  Plaintiff alleges his mental health records and Social Security number were not requested in the subpoena and defendants' disclosure thereof constituted a reckless disregard of his rights.

1

Defendants filed a special motion to strike the complaint pursuant to Code of Civil Procedure[1] section 425.16 (the motion). Plaintiff conceded defendants' motion as to the negligence and violation of Civil Code section 1798.85 causes of action, but opposed the motion as to the four remaining causes of action. The trial court granted the motion and awarded defendants attorney fees.

On appeal, plaintiff argues the trial court erred because: (1) there was no pretrial judicial determination allowing release of his mental health records; (2) California appellate courts have held that a person may not invade another's freedom of speech in furtherance of his or her own freedom of speech; and (3) defendants' actions were criminal. (Bolding and capitalization omitted.) Finding no merit in these contentions, we affirm.

## LEGAL BACKGROUND

" 'A SLAPP[2] is a civil lawsuit that is aimed at preventing citizens from exercising their political rights or punishing those who have done so. " 'While SLAPP suits masquerade as ordinary lawsuits such as defamation and interference with prospective economic advantage, they are generally meritless suits brought primarily to chill the exercise of free speech or petition rights by the threat of severe economic sanctions against the defendant, and not to vindicate a legally cognizable right.' " ' [Citation.]

" 'In 1992, out of concern over "a disturbing increase" in these types of lawsuits, the Legislature enacted section 425.16, the anti-SLAPP statute. [Citation.] The statute authorized the filing of a special motion to strike to expedite the early dismissal of these

---

**1** All further section references are to the Code of Civil Procedure unless otherwise stated.

**2** Strategic lawsuit against public participation. (See *Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 882, fn. 2.)

unmeritorious claims.  [Citation.]  To encourage "continued participation in matters of public significance" and to ensure "that this participation should not be chilled through abuse of the judicial process," the Legislature expressly provided that the anti-SLAPP statute "shall be construed broadly."  [Citation.]'  [Citation.]

"The anti-SLAPP statute 'provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity.'  [Citation.]  The statute applies to 'cause[s] of action against a person *arising from any act of that person in furtherance of the person's right of petition or free speech* under the United States Constitution or the California Constitution in connection with a public issue.'  [Citation.]  As used in the statutory scheme, ' "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.'  [Citation.]

"A special motion to strike involves a two-step process.  'First, the defendant must establish that the challenged claim arises from activity protected by section 425.16.'  [Citation.]  '[H]owever, it is not enough to establish that the action was filed in response to or in retaliation for a party's exercise of the right to petition.  [Citations.]  Rather, the claim must be *based on* the protected petitioning activity.'  [Citations.]  '[I]f the defendant does not meet its burden on the first step, the court should deny the motion and need not address the second step.'  [Citation.]

3

"Second, '[i]f the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success.' [Citation.] The plaintiff must do so with admissible evidence. [Citation.] 'We decide this step of the analysis "on consideration of 'the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' [Citation.] Looking at those affidavits, '[w]e do not weigh credibility, nor do we evaluate the weight of the evidence. Instead, we accept as true all evidence favorable to the plaintiff.' " ' [Citation.] This second step has been described as a ' "summary-judgment-like procedure." ' [Citation.] A court's second step 'inquiry is limited to whether the [opposing party] has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. [The court] . . . evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law.' [Citation.] 'Only a [claim] that satisfies *both* prongs of the anti-SLAPP statute -- i.e., that arises from protected speech or petitioning and lacks even minimal merit -- is a SLAPP, subject to being stricken under the statute.' [Citation.]

" 'On appeal, we review the trial court's decision de novo, engaging in the same two-step process to determine, as a matter of law, whether the defendant met its initial burden of showing the action is a SLAPP, and if so, whether the plaintiff met its evidentiary burden on the second step.' " (*Sheley v. Harrop* (2017) 9 Cal.App.5th 1147, 1160-1162.)

FACTUAL AND PROCEDURAL BACKGROUND

In 2019, a law firm sent a subpoena to the "Sacramento County Department of Health Services Correctional Health Services Medical Records Unit" in an unrelated civil case -- *Alston v. Drennan et al.* (Sacramento County Case No. 34-2018-00247179-CU-

4

MM-GDS)[3] -- seeking to obtain copies of plaintiff's "[c]omplete medical records." Plaintiff sued defendants following their compliance with the subpoena, alleging the documents provided by Wainscott to the law firm in response to the subpoena contained his mental health records and Social Security number, which were not requested. Plaintiff further alleged the law firm thereafter "filed [his] Mental Health Records and Social Security Number in a public domain with disregard of [his] right of privacy." All six of plaintiff's causes of action pertained to defendants' production of his records in response to the subpoena.

Defendants filed the motion supported by Wainscott's declaration, the declaration of Jill B. Nathan, and a request for judicial notice. In the motion, defendants asserted plaintiff's claims arose from protected activity in connection with litigation and plaintiff could not prevail on any of his causes of action because the Civil Code section 47 litigation privilege barred recovery.

In her declaration, Wainscott declared, in pertinent part: she reviews and responds "to subpoenas to produce County records requested in litigation, from the Sacramento Main Jail and from Rio Cosumnes Correctional Center in Elk Grove"; in doing so, she reviews the requests for clarity to ensure the County is "the proper source for the records to be produced," and to make sure the records to be produced "correspond with the dates requested in the subpoena"; she does not "have any authority on what kinds of records are normally kept in the inmates' Correctional Health files" and, to her knowledge, if an inmate's mental health records are included in those files, the records "are not flagged or distinguished from the other medical health records in the inmate's file"; "[w]hen [she] receive[s] a subpoena request for 'all medical records' or 'complete medical records' [she] do[es] not make decisions or judgment calls about what content in the file may be

---

[3]     We do not recount the facts as to the unrelated civil action because it is not pertinent to this appeal.

5

considered 'mental health' records"; when she received the subpoena for plaintiff's " 'complete medical records,' " she "determined that the party was seeking everything from Mr. Alston's Correctional Health Services records" and "there was nothing to be excluded from the comprehensive production request"; in preparing the response to the subpoena, she "did not notice any records marked as 'confidential,' and [she] was not in any way cautioned against producing certain records in Alston's Correctional Health file"; she was also "never instructed to review the Alston file contents for 'mental health' records" and was "never instructed to edit the Alston file contents to suppress 'mental health' records in response to the subpoena"; and, although she is "aware that medical records often contain confidential information such as social security numbers," she does not as a practice "edit this content of the business records, and ha[s] not been instructed to edit social security numbers as custodian of records in response to business records subpoena requests."

The request for judicial notice contained documents from the unrelated civil action in which the subpoena was issued. In her declaration, Nathan authenticated the documents attached to the request for judicial notice and declared, in pertinent part that she is defendants' attorney in this matter and "did not receive any notice of a motion to quash the pertinent subpoena in the underlying medical negligence case." Plaintiff did not file any declarations or provide any evidence in support of his opposition to the motion.

In his opposition, plaintiff conceded defendants' motion as to the negligence and violation of Civil Code section 1798.85 causes of action. As to the four remaining causes of action, plaintiff asserted defendants failed to show their activity was protected because there was no public interest in plaintiff's mental health records, defendants did not have "a freedom of speech to disclose [his] mental health records pursuant to Evidence Code [section] 1014 and Welfare and Institutions Code section 5328," and defendants did not make a written or oral statement. (Bolding omitted.) He further asserted the litigation

6

privilege did not apply to defendants' conduct because the statutes supporting his remaining causes of action "were designed to protect the public, . . . are more specific than the litigation [p]rivilege," and application of the litigation privilege would render such protective statutes inoperable.

Specifically, plaintiff argued:  "Welfare and Institutions Code section 5328 provides that all information and records obtained by state or county public mental health care facilities, in the course of providing services, are confidential"; Evidence Code section 1014 prevents the disclosure of confidential communications between a patient and psychotherapist if the privilege is claimed by the holder of the privilege or another individual identified in the statute; Civil Code section 56.10 states a provider of health care, health care service plan, or contractor shall not disclose a patient's health information without authorization or compelled disclosure by, for example, a court order; two cases supported his position, both of which were merely identified by purported appellate case numbers without any reporter citations -- citing *Regents of the University of Cal. v. Superior Court* (Case No. B249148) and *Springer v. Stanford Hospitals & Clinics* (Case No. BC470522); Welfare and Institutions Code section 5328, subdivision (f)[4] "does not override the Evidence Code privilege," "only applies to the court asking and giving an order for [mental health] records," requires that mental health records "be turned over to the court from the beginning and then the court is to determine by its own motion which records can be disclosed," requires the trial court "to assert the psychotherapist-patient privilege, on its own motion, on behalf of the Plaintiff," and does not allow for the discovery of "records released pursuant to subdivision (f) . . . unless the Evidence Code section 1014 privilege is waived"; and trial courts should be careful to

---

[4]     No such subdivision presently exists in Welfare and Institutions Code section 5328.

control compelled disclosure of confidential communications between a patient and his psychotherapist.

The trial court granted defendants' motion. The trial court found defendants had met the first prong of the section 425.16 analysis that plaintiff's causes of action arose from protected activity because the underlying conduct constituted litigation-related activity. The court explained plaintiff's contention that "the public does not have an interest in his mental health records" is not dispositive, noting Civil Code section 56.10, subdivision (b)(3) and the Act allow for release of medical records in response to a subpoena, and: "Thus, although there are laws in place to make public disclosure of mental health records unlawful, the actions here reveal no violation of statute or illegality; no public disclosure was made in this case; rather, the records were disclosed in connection with a pending judicial proceeding pursuant to a regularly issued deposition subpoena, which plaintiff never challenged by a motion to quash." The trial court further rejected plaintiff's argument that "defendant was not following a court order," because " '[f]or purposes of requiring attendance and production of documents at trial, a subpoena is the equivalent of a court order.' " (Quoting *Corenbaum v. Lamkin* (2013) 215 Cal.App.4th 1308, 1338.)

Turning to the second prong of the analysis, the trial court found "plaintiff cannot carry his burden of demonstrating a probability of prevailing on any of his six claims" because the litigation privilege in Civil Code section 47, subdivision (b) precludes defendants' liability on those claims. The trial court granted defendants' request for attorney fees in the amount of $3,000.

Plaintiff appeals.

DISCUSSION

Plaintiff first argues defendants cannot prevail on the motion because "[b]efore any Mental Health or Psychiatric records are released, to the subpoenaing party, there must first be a pretrial determination" and no such judicial determination was made in

8

this case before Wainscott sent the documents to the law firm in response to the subpoena. (Citing *People v. Reber* (1986) 177 Cal.App.3d 523; *Susan S. v. Israels* (1997) 55 Cal.App.4th 1290.) Specifically, plaintiff argues "defendants did not place the mental health records in a sealed envelope and send them to the clerk of the court as a requirement . . . nor did the court hold a pretrial determination of these mental health records." We do not address this argument because plaintiff failed to raise the argument in the trial court. (*Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 ["arguments not asserted below are [forfeit]ed and will not be considered for the first time on appeal"].) Even in de novo review cases, our review is limited to only the issues properly raised and adequately briefed on appeal. (See *Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125.)

In his second argument, in approximately one page, plaintiff asserts he has a legally protected privacy interest in his mental health records and his Social Security number and *Ralph Grocery Co.* provides that "[w]hen the alleged 'free speech' entails the invasion of confidential information or other privacy or property rights of another, [section 425.16] does not apply, as it is not in 'furtherance of the constitutional guarantees of free speech and petition.' " (Citing *Ralphs Grocery Co. v. Victory Consultants, Inc.* (2017) 17 Cal.App.5th 245.) Plaintiff asserts "defendants intruded on [his] free speech and protected privacy interest in [his] mental health records [and Social Security number] thus making their acts not in furtherance of the constitutional guarantees of free speech and petition." Plaintiff fails to explain how the foregoing demonstrates error in the trial court's ruling, a requirement on appeal. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [An appealed judgment is presumed correct, and the appellant must affirmatively demonstrate error].) Moreover, plaintiff fails to explain whether his argument pertains to the first or second prong of the analysis and how it applies under the facts of this case, i.e., a response to a subpoena in pending litigation. Indeed, *Ralphs Grocery Co.* did not involve conduct responsive to a subpoena;

9

the appellate court concluded that the acts constituting trespass in that case were not protected activity. (*Ralphs Grocery Co.*, at p. 249.) We can and do disregard arguments that fail to disclose the reasoning by which the party reached the conclusion it asks us to adopt. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.)

In his final opening argument, plaintiff asserts defendants' action was criminal, citing three statutes: Government Code section 6254.29, Penal Code section 647, and Welfare and Institutions Code section 5328. He further relies on two cases for the proposition that "[t]he anti-SLAPP statute does not apply because defendants' conduct was illegal as a matter of law." (Citing *Flatley v. Mauro* (2006) 39 Cal.4th 299 & *Castleman v. Sagaser* (2013) 216 Cal.App.4th 481.) Plaintiff again raises an issue not presented to the trial court and fails to explain how his assertion demonstrates error on appeal. We further fail to understand the point plaintiff is trying to make.

Government Code section 6254.29, subdivision (a), provides "[i]t is the intent of the Legislature that, in order to protect against the risk of identity theft, local agencies shall redact social security numbers from records before disclosing them to the public pursuant to this chapter." The cited code subdivision does not criminalize conduct, it merely expresses legislative intent. Penal Code section 647, subdivision (j), identifies several instances in which a person is guilty of misdemeanor disorderly conduct generally relating to invading another's personal privacy by viewing or recording the other person's body or undergarments in an area in which the person has a reasonable expectation of privacy or intentionally distributing images as to that person's body or depicting the person engaging in sexual acts. Plaintiff cites no specific subsection in subdivision (j) and fails to explain how this Penal Code section relates to the allegations in this action. Indeed, we are unable to find any correlation. Finally, plaintiff fails to explain how Welfare and Institutions Code section 5328 applies under the facts of this case. Plaintiff introduced *no evidence* in support of his opposition to establish that he is a person Welfare and Institutions Code section 5328 is intended to protect -- i.e., a voluntary or

10

involuntary recipient of services. Plaintiff further fails to explain how the conduct at issue in the litigation amounts to a criminal act under Welfare and Institutions Code section 5328. In the absence of reasoned argument with citations to admissible evidence, we fail to see the pertinence of this code section.

In his reply brief, plaintiff for the first time argues: (1) the California Information Practices Act renders his privilege absolute against the litigation privilege; (2) the subpoena was invalid; (3) a Third District Court of Appeal case *Macomber v. State Personnel Board* (without any reporter citation) supports his position; and (4) Evidence Code section 1014 provides his mental health records are protected under United States Supreme Court precedent. We do not consider arguments raised for the first time in a reply brief. (*American Indian Model Schools v. Oakland Unified School Dist.* (2014) 227 Cal.App.4th 258, 275-276.)

In the absence of plaintiff presenting any reasoned argument based on admissible evidence with citations to the record and pertinent legal authority that the trial court erred, we do not find a basis for reversal.

### DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)

/s/                      
Robie, J.

We concur:

/s/                 
Blease, Acting P. J.

/s/                 
Renner, J.